UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-26 |
| | ) | (PHILLIPS/SHIRLEY) |
| SHARRY BEDNAR and | ) | |
| GRADY STURGESS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on June 8, 2010, for a hearing to address Defendant Sturgess's Motion to Continue [Doc. 11] and Defendant Bednar's Motion to Continue [Doc. 12]. Assistant United States Attorney Kelly Norris appeared on behalf of the Government. Attorney Paula Voss appeared on behalf of Defendant Bednar, and Attorney Eric Lutton appeared on behalf of Defendant Sturgess. Both of the defendants were present.

In his Motion to Continue [Doc. 11], Defendant Sturgess states that counsel is engaged in negotiations with the United States Attorney, on his behalf, for a plea bargain in this case. Defendant Sturgess represents that additional time is needed to complete these negotiations. Defendant Bednar similarly states that counsel is engaging in negotiations, on her behalf, to obtain a plea agreement in this case. [Doc. 12 at 1]. Further, Defendant Bednar's Motion to Continue states that Defendant Bednar has been fully informed of her right to a speedy trial and that she understands that time granted for this continuance will be excluded for Speedy Trial Act purposes.

At the hearing, counsel for the Defendants reiterated the contents of the Motions to Continue, and further represented that they were not prepared to try this matter on June 9, 2010, the day following the hearing. Counsel noted that the time that elapsed between the events underlying the charges and the charges actually being brought in this matter had complicated the investigation and preparation of the defenses. The Government did not object to continuing the trial. Further, the Government noted that the Assistant United States Attorney assigned to this matter is currently on family-medical leave, and thus, in order to insure continuity of counsel this matter would need to be reset. After reviewing available trial dates, the parties agreed that January 11, 2011, was the soonest date on which counsel and the parties were available to try this matter.

The Court examined both Defendant Bednar and Defendant Sturgess. Both Defendants stated that they were aware of their right to a speedy trial, but they confirmed that they felt it was in their best interest to continue this case to allow counsel to prepare for trial or prepare a plea agreement. The Court informed the Defendants that the trial was to be reset for January, a time several months away, and the Defendants again confirmed that they desired that the trial be reset.

Based upon the foregoing, the Court finds the Motions to Continue to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). Further, if this matter were to proceed to trial on its set date the Government would be unreasonably denied continuity of counsel. See id. Moreover, a setting prior to the new trial date of January 11, 2011, would deny the Defendants or the Government continuity of counsel. Id. Finally, the Defendants have been thoroughly and completely advised of their right to a speedy

trial and have requested that the trial of this matter be delayed, despite knowing of this right.

Accordingly, the Court **GRANTS** the Motions for Continuance **[Docs. 11 and 12]** and resets the trial to **January 11, 2011.** The Court also finds that all the time between the hearing held June 8, 2010, and the new trial date of January 11, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), (H), and (h)(7)(A)-(B).

Finally, the parties are again advised that all motions *in limine* must be filed no later than fifteen (15) days before trial, and special requests for jury instructions shall be submitted to the Court no later than ten (10) days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4.

In sum, it is **ORDERED**:

(1) The Motions for Continuance [**Docs. 11 and 12**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **January 11, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge; and

(3) All time between the **June 8, 2010** hearing and the new trial date of **January 11,, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

                                  ENTER:

                                              s/ C. Clifford Shirley, Jr.
                                           United States Magistrate Judge